IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE BAVELIS, et al., | : | |
| Plaintiffs, | : | Case No. 2:17-cv-0327 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| TED DOUKAS, et al., | : | U.S. Bankruptcy Court – Southern |
| | : | District of Ohio No. 2:10-ap-2508 |
| Defendants. | : | |

## OPINION & ORDER

This matter comes before the Court on Defendants' Motion to Stay. (ECF No. 17). Plaintiff submitted a Response in Opposition. (ECF No. 18). Defendant, Ted Doukas, requests this Court to stay the judgment in the Opinion and Order entered on January 4, 2019 (ECF No. 11) that determined ownership of the membership interest in GMAQ, LLC pending the outcome of the appeal to the Sixth Circuit. (ECF No. 17). Plaintiff, George Bavelis, opposes Defendant's motion. (ECF No. 18).

For the following reasons, this Court **DENIES** Defendant's Motion to Stay.

## I.  BACKGROUND

In the 2000s, Mr. Bavelis and Mr. Qureshi formed several limited liability companies to manage their joint business ventures. One of these LLCs was GMAQ. In 2009, Mr. Bavelis encountered some financial difficulties. He had met Mr. Doukas through a separate business opportunity, and Mr. Doukas offered to help Mr. Bavelis resolve his financial difficulties. Eventually, Mr. Bavelis signed over his entire interest in GMAQ to Mr. Doukas or LLCs associated with Mr. Doukas.

1

But Mr. Doukas did not help Mr. Bavelis. Mr. Bavelis's finances continued to unravel, and in 2010 he filed for Chapter 11 bankruptcy. Mr. Bavelis also sued Mr. Doukas in an adversary proceeding in bankruptcy court for fraud and other alleged misconduct. The Bankruptcy Court recommended finding in favor of Mr. Bavelis and awarding $116,600 in compensatory damages and $1 million in punitive damages.

The Defendants objected to the Bankruptcy Court's recommendation. This Court affirmed the Bankruptcy Court's findings of fact and conclusions of law with the exception of punitive damages, which this Court found were not available. As part of this Court's Order, Mr. Doukas was to return to Mr. Bavelis his rightful interest in GMAQ.

Both parties appealed this Court's Order. Defendants now ask this Court to stay its Order. Specifically, Defendants seek to prevent Mr. Bavelis from accessing $750,000 of GMAQ assets that have been kept in the Court Registry since 2014.

## II. LAW AND ANALYSIS

Generally, a district court has broad discretion in deciding whether to stay proceedings. *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003). But motions to stay a judgment pending appeal are governed by Federal Rule of Appellate Procedure 8(A). Fed. R. App. P. 8(A). In evaluating a motion to stay under 8(1)(A), this Court "consider[s] the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction." *Mich. Coal. Of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (citing *Frisch's Restaurant, Inc. v. Shoney's Inc.*, 759 F.2d1261, 1263 (6th Cir. 1985); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985)). Those factors are:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Mich. Coal. of Radioactive Material Users, Inc.*, 945 F.2d at 153 (citing *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987)).

These are factors to be balanced, not prerequisites. *Mich. Coal of Radioactive Material Users, Inc.*, 945 F.2d at 153 (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)).

The first two factors hold the most importance in determining whether to grant a stay. *United States v. Ahmed*, No. 2:12-cv-951, 2017 WL 6508179 (S.D. Ohio Oct. 31, 2017) (citing *Ohio State Conference of NAACP v. Husted*, 769 F.3d 385, 387 (6th Cir. 2014)). A movant does not always "need to establish a high probability of success on the merits" to satisfy the first factor. *State ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987) (citing *Cuomo v. United States Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985)). Generally, "the probability of success that must be shown is inversely proportional to the degree of irreparable injury the plaintiffs will suffer absent an injunction." *Cuomo*, 772 F.2d at 974. But the moving party must demonstrate more than a mere possibility of success. *State ex rel. Celebrezze*, 812 F.2d at 290. Normally, a party seeking a stay "must show a strong or substantial likelihood of success." *Id.* If a moving party does not, the test becomes meaningless. *Ahmed*, 2017 WL 6508179, at *1. To succeed in a motion to stay, the moving party must "address each of the factors regardless of its strength" and provide "facts and affidavits supporting these assertions." *State ex. rel. Celebrezze*, 812 F.2d at 290.

3

### A. Likelihood of Success on the Merits

Defendant has loosely addressed the likelihood of success on the merits on appeal. Defendant argues that he did not request a jury trial in the first complaint because Plaintiff did not seek to void the assignments of interest in various LLCs, including GMAQ. Once Plaintiff did so, in the amended complaint, RPM sought a jury trial.

Defendant's argument has been twice rejected—first by the Bankruptcy Court and then by this Court on de novo review. As this Court stated in the Opinion and Order, "the Sixth Circuit has previously found that amending a complaint to add a claim based on facts already alleged does not extend the time for properly filing a jury demand." (ECF No. 11); *See Irvin v. Airco Carbide*, 837 F.2d at 724, 727 (6th Cir. 1987). No new issues or facts are introduced where claims "turn on the same matrix of facts and concern the same general area of dispute." *Allegra Network LLC v. Ruth*, No. 10-10941, 2010 WL 3190870, at *4 (E.D. Mich. Aug. 12, 2010) (quoting *SEC v. Battenberg*, No. 06-14891, 20019 WL 3497803, at *1 (E.D. Mich. Oct. 29, 2009)); (ECF No. 11).

Even though Mr. Bavelis did not mention the June 2009 assignment of the membership interest in GMAQ in the original complaint, the allegations in the amended complaint are based on the same legal theories as Mr. Bavelis' previous claims. The GMAQ assignment formed part of the larger fraudulent actions by Mr. Doukas, and the GMAQ assignment occurred at the same meeting where Mr. Bavelis assigned interests in the other LLCs. Because the amended complaint did not allege new facts or issues, the amended complaint did not extend the time to request a jury trial. Thus, Defendant did not demonstrate a likelihood of success based on the merits for the pending appeal.

## B. Irreparable Harm

Evaluation of potential harm if the stay is granted relies on three factors: "(1) the substantiality of the injury alleged, (2) the likelihood of its occurrence, and (3) the adequacy of the proof provided." *Ohio ex. rel. Celebrezze*, 812 F.2d at 290 (citing *Cuomo*, 772 F.2d at 977). Irreparable harm that is "certain and immediate" is key and "mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough." *Mich. Coal. of Radioactive Material Users, Inc.*, 945 F.2d at 154.

Here, Defendant claims the funds currently held in the Court Registry belong to GMAQ. The jury trial waiver that pertains to the determination of ownership rights in GMAQ is an issue to be decided by the pending appeal to the Sixth Circuit. However, the Sixth Circuit has held "mere economic loss does not constitute irreparable injury." *State ex. rel. Celebrezze*, 812 F.2d at 291.

Defendant did not present facts and affidavits to explicitly address the likelihood the party would be irreparably harmed absent a stay. Without specific facts and affidavits regarding harm to Mr. Doukas if the GMAQ funds are released, Defendants did not meet their burden as required by law.

## C. Balance of Equities and Public Interest

Finally, a court must balance the grant of a stay's harm to others and the public interest. Like the other factors mentioned above, facts and affidavits must be provided to substantiate Defendant's assertions. Thus, Mr. Doukas did not meet his burden because he failed to address harm to others and public interest or provide the necessary support for his claims regarding these factors

## III. CONCLUSION

Since the party requesting the stay has the burden to show how the circumstances of the case justify granting the motion, Defendant did not meet his burden. Without addressing these three factors, a motion to stay cannot stand. For the foregoing reasons, Defendant's Motion to Stay (ECF No. 17) is hereby **DENIED** and Plaintiff's Response in Opposition to Defendant's Motion to Stay (ECF No. 18) is hereby **GRANTED**.

**IT IS SO ORDERED.**

                                                     *s/ Algenon L. Marbley*
                                                    **ALGENON L. MARBLEY**
                                                    **UNITED STATES DISTRICT JUDGE**

**DATED: October 21, 2019**