# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| GEORGE BAVELIS, et al., | : |
| | : Case No. 2:17-CV-00327 |
| Plaintiffs, | : |
| | : |
| v. | : CHIEF JUDGE ALGENON L. MARBLEY |
| | : |
| TED DOUKAS, et al., | : |
| | : U.S. Bankruptcy Court – Southern |
| Defendants. | : District of Ohio No. 2:10-ap-2508 |
| | : |

## **OPINION & ORDER**

This matter is before the Court on Defendants' Motion for Rehearing or, alternatively, for a new trial, or to alter/amend this Court's January 21, 2020 Opinion and Order. (ECF No. 32). In its earlier Opinion and Order, this Court adopted the Bankruptcy Court's Proposed Findings of Fact as to the issue of punitive damages, modified the Bankruptcy Court's Conclusions of Law as to the issue of punitive damages, and adopted the Bankruptcy Court's recommended punitive damages award of $1 million. (ECF No. 30). For the reasons stated herein, Defendants' Motion is **DENIED**.

## I. BACKGROUND

This case stems, in part, from a business partnership gone awry, the factual background of which has been discussed at length by this Court in previous opinions (ECF Nos. 11, 32). George Bavelis entered bankruptcy proceedings in 2010 and brought an adversary proceeding against Ted Doukas and entities owned by Mr. Doukas (the "Doukas Defendants") in October 2010, seeking to rescind several assignments that Mr. Bavelis had made to Mr. Doukas on the grounds of fraudulent inducement. The Bankruptcy Court held two trials on the claims in the adversary proceeding. The first trial concerned legal theories that the various assignments to Mr. Doukas

1

were void. The second trial involved claims against the Doukas Defendants and Mr. Doukas's former attorney. The Bankruptcy Court entered Proposed Findings of Facts and Conclusions of Law, which this Court adopted in part. (ECF Nos. 1, 11). Relevant to the matter now before this Court, this Court awarded $116,000 as an unjust enrichment award against the Doukas Defendants. (ECF No. 11). This Court also found punitive damages were prohibited in the absence of compensatory damages. (*Id.*). Both parties appealed to the Sixth Circuit, which vacated this Court's judgment as to damages and remanded for further proceedings. (ECF No. 20). The Sixth Circuit held that this Court erred in finding that Florida law prohibits punitive damages absent a corresponding award of compensatory damages. (*Id.*).

In accordance with the Sixth Circuit remand, this Court issued a new decision on January 21, 2021. (ECF No. 30). In this opinion, this Court adopted the Bankruptcy Court's recommended punitive damages award of $1 million. (*Id.*). This Court held that unjust enrichment actions were, in fact formerly cognizable at law, not equity, and so punitive damages were not barred by the previous award issued under a theory of unjust enrichment. (*Id.*). This Court granted Mr. Bavelis $116,000 in damages under the theory of unjust enrichment and found grounds for a separate $1 million punitive award based on Doukas Defendants' fraudulent behavior. (*Id.*). Following this Court's January 2021 Order, the Defendants filed a Motion for Rehearing or, alternatively, for a New Trial, or to alter/amend this Court's judgment on February 4, 2021. (ECF No. 31). Mr. Bavelis filed a Memorandum in Opposition on February 18, 2021 and the Doukas Defendant subsequently filed a Reply Memorandum. (ECF No. 35–36). Defendants' Motion is now ripe for review.

## II. STANDARD OF REVIEW

Parties may pursue a motion to alter or amend a final judgment under Federal Rule of Civil Procedure 59. *See Peake v. First Nat'l Bank & Tr. Co. of Marquette*, 717 F.2d 1016, 1019 (6th

2

Cir. 1983). Bankruptcy Rule 9023 makes Federal Rule 59(e) applicable to Bankruptcy Proceedings.[1] *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Under Rule 59(e), a court will only alter or amend its judgment when there is: (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) to prevent manifest injustice. *Id.; see also Drivers Ass'n, Inc v. Artic Exp., Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003).

Rule 59 Motions are not an opportunity to "re-argue a case" or to "raise arguments or present evidence that could have been raised at trial." *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2810.1 (2d ed. 1995)). Indeed, Motions for Reconsideration are disfavored and will fail when the movant cannot point to controlling authority, an overlooked argument, or a manifest error of fact or law. *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003), *aff'd*, 547 F.3d 297 (6th Cir. 2008). If a Rule 59 Motion "merely [objects to] the Court's decision, the proper recourse is not [a] motion for reconsideration but instead an appeal to the Sixth Circuit." *Zell v. Klingelhafer*, No. 13-CV-458, 2018 WL 334386, at *5 (S.D. Ohio Jan. 8, 2018), *aff'd*, 751 F. App'x 641 (6th Cir. 2018) (citing *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996)). The grant or denial of a Rule 59(e) motion "is within the

---

[1] The Doukas Defendants ask this Court to reconsider its decision pursuant to Federal Rule of Bankruptcy Procedure 8022, Federal Rule of Civil Procedure 59, and/or Federal Rule of Bankruptcy Procedure 9023. Rule 8022 provides that a party may request a rehearing, but does not set out a standard for review. The Sixth Circuit has not addressed this issue directly. Other courts, however, have applied a standard that mirrors Rule 59 when evaluating a Rule 8022 Motion. *See In re Env't Techs. Int'l, Inc.*, No. 8:15-AP-786-KRM, 2017 WL 3124246, at *1 (M.D. Fla. July 21, 2017) (applying Rule 59(e) standard to a motion under Bankruptcy Rule 8022); *Ocwen Loan Servicing, LLC for Deutsche Bank Nat'l Tr. Co. v. Randolph*, No. BR 15-10886, 2018 WL 2220843, at *2 (W.D. Pa. May 15, 2018). As Rule 9023 also applies Rule 59's standard, and the Defendants have presented these grounds for rehearing in the alternative, this Court will proceed under the Rule 59 standard and analysis.

informed discretion of the district court." *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

### III.   LAW & ANALYSIS

The Doukas Defendants pursue their Rule 59 motion the ground that this Court made a clear error of law in granting punitive damages to Mr. Bavelis.[2] In their Motion, the Doukas Defendants assert that Florida courts have held that punitive damages are unavailable when damages are awarded under a theory of unjust enrichment. To support this position, the Doukas Defendants present four cases as decisive of this issue. (ECF No. 32). Mr. Bavelis argues in response that where a movant fails to identify binding or controlling precdent that squarely addresses the matter at hand, he has not carried his burden under Rule 59. (ECF No. 25 at 7). The Plaintiff then asserts that the Doukas Defendants have not carried their burden as none of the precedents they put forth demonstrates a clear error of law. (*Id.* at 7–9). The Doukas Defendants reply that the cases proffered are dispositive of the issue previously considered by this Court, while admitting that they had previously failed to identify these cases. (ECF No. 36 at 4). None of these cases, however, indicates that this Court has committed a clear error of law in awarding punitive damages.

This Court will first address the state law precedents set forth by the Doukas Defendants: *American Safety Insurance Service, Inc. v. Griggs*, 959 So.2d 322 (Fla. Dist. Ct. App. 2007) and *Montage Group, Ltd. v. Athle-Tech Computer Sys., Inc.*, 889 So.2d 180 (Fla. Dist. Ct. App. 2004). Both *Griggs* and *Montage* are distinguishable from this case. In *Griggs*, the District Court of Appeal of Florida was tasked with determining whether the damages award was unsupported by

---

[2] Mr. Bavelis argues that Doukas Defendants raise this argument for the first time in the Rule 59 Motion and, thus, asserts that this Court should not consider it. This Court finds that it is not a new argument; rather, it is a more clearly articulated in their Rule 59 motion than it was in the prior briefing. Therefore, this Court will address the argument on the merits.

4

substantial evidence. 959 So.2d at 332. Where damages may be highly speculative, such as when pursued under a theory of unjust enrichment, the court held that trial courts could not award damages that were greater than the amount reasonably supported by the evidence. *Id.* As a result, courts could not increase an unjust enrichment award beyond what the evidence established because the purpose of this award was not to punish. *Id.* Thus, the court held that the unjust enrichment award itself may not be punitive. The *Griggs* court, however, was silent as to whether a separate punitive damages award could lie where unjust enrichment damages were awarded. *Montage Group*, too, is distinguishable and does not carry the precedential weight that the Doukas Defendants afford it. The *Griggs* court relied on the earlier decision in *Montage Group* for its holding that the purpose of an unjust enrichment claim is not punitive. *See Montage Grp.*, 889 So.2d at 197; *see also Griggs*, 959 So.2d at 332 (citing *Montage Grp.*). Just as in *Griggs*, the *Montage Group* court was not considering the distinct issue confronted by this Court: whether a separate punitive damages award is appropriate when an unjust enrichment award is entered against a party. Neither of these Florida cases is dispositive of the issue and, as such, neither shows a clear error of law by this Court in its earlier Opinion.

This Court will also briefly address the two federal authorities relied upon by the Doukas Defendants. "The 'basic federal rule' in bankruptcy is that state law governs the substance of claims." *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20 (2000). When appropriate, federal courts must apply state law in accordance with the controlling decisions of the highest court of that state. *Meridian Mut. Ins. Co. v. Kellman*, 197 F.3d 1178, 1181 (6th Cir. 1999) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). The Sixth Circuit has explained that a district court opinion interpreting state law is not binding but rather may offer "persuasive weight." *See id.* at 1183 n.2.

With these principles in mind, this Court finds that the federal cases cited by the Doukas Defendants are of limited persuasive value and do not demonstrate a clear error of law.

In *Priority Healthcare Corp. v. Surajit Chaudhuri, M.D., P.A.*, the court found that unjust enrichment is not intended to be punitive and found that punitive damages are not available under such a theory. *See* No. 6:08-cv-425-Orl-KRS, 2008 WL 4459041, at *5 (M.D. Fla. Oct. 1, 2008). That court cited *Griggs* in reaching this conclusion and did so with little further analysis of the issue. *Id.* Likewise, in *CCCS International v. Fontainebleau Resorts, LLC*, the federal district court found that punitive damages were wholly unavailable for implied contract claims, including unjust enrichment. *See* No. 09-cv-21881, 2009 WL 10667775, at *4 (S.D. Fla. Sept. 18, 2009). The *CCCS International* court relied only on another federal district court decision, that in turn does not discuss unjust enrichment at all. *See id.* (citing *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1270 (S.D. Fla. 2004)). The Doukas Defendants have not identified any controlling authorities that directly address this Court's earlier Opinion. As such, they have not shown that this Court committed a clear error of law in issuing its prior Opinion and are not entitled to relief under Rule 59.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion (ECF No. 32) is **DENIED.**

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 18, 2021**