**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GEORGE BAVELIS, et al.,** | : | |
| | : | **Case No. 2:17-CV-00327** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| | : | |
| **TED DOUKAS, et al.,** | : | |
| | : | **U.S. Bankruptcy Court – Southern** |
| **Defendants.** | : | **District of Ohio No. 2:10-ap-2508** |
| | : | |

## OPINION & ORDER

This matter is before the Court on Plaintiff's Motion for an Order Permitting Plaintiff to Immediately Register the Court's January 21, 2021 Judgment. (ECF No. 37). Defendants oppose this motion. (ECF No. 39). For the reasons stated herein, Plaintiff's Motion is **GRANTED**.

## I.        BACKGROUND

After a business partnership with Defendant Ted Doukas turned sour, bankruptcy and extensive litigation followed for Plaintiff George Bavelis. Indeed, this Court has detailed the factual background of this case in previous opinions (ECF Nos. 11, 30). Most relevant to Mr. Bavelis's present motion, this Court issued a decision on January 21, 2021, following a remand from the Sixth Circuit on the availability of punitive damages. (ECF No. 30). In that Opinion and Order, this Court adopted the Bankruptcy Court's recommended punitive damages award of $1 million after finding that Florida law did not bar punitive damages in this case. (*Id.*). The Defendants sought reconsideration of this Opinion and Order and the accompanying judgment, which this Court denied on May 18, 2021. (ECF No. 38). While the motion for reconsideration was pending, the Defendants also filed an appeal. (ECF No. 33). The Defendants did not file a motion to stay the judgment pending appeal or post a supersedeas bond.

1

The Plaintiff seeks an order pursuant to 28 U.S.C. § 1963 allowing him to register his judgment in the U.S. District Court for the Eastern District of Tennessee and the U.S. District Court for the Southern District of Florida while the appeal is pending. (ECF No. 37). He argues that good cause to do so stems from the Defendants' past actions and the fact that Defendants have not sought to stay the judgment pending appeal. (*Id.*). Without an order permitting immediate registration, Plaintiff argues he faces a substantial threat that any assets will be shielded nefariously from recovery. (*Id.*). The Defendants argue that Mr. Bavelis has failed to establish that good cause permits registration of the judgment during the pendency of the appeal. (ECF No. 39 at 2). The Plaintiffs filed a reply, directing this Court to ongoing proceedings in Tennessee and Florida, where other courts have detailed deceptive practices by Mr. Doukas to conceal assets subject to recovery. (ECF No. 41).

## II.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that a judgment will become enforceable ten days after judgment is entered, after which time a prevailing plaintiff may execute upon that judgment. *See* Fed. R. Civ. P. 62(a); *see also Citizens Bank v. Parnes*, No. 08–14656, 2009 WL 2044263, at *1 (E.D. Mich. July 9, 2009) (citing *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001)). If a judgment is appealed, however, a judgment may only be enforced in the district where it was rendered until the appeal is resolved. 28 U.S.C. § 1963. Section 1963 will permit registration of a judgment pending appeal "when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963.

Section 1963 does not itself define "good cause," but courts will use two factors to determine whether good cause exists. First, "[g]ood cause can be established by an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration

forum." *Rui He v. Rom*, No. 1:15-CV-1869, 2017 WL 2332188, at *1 (N.D. Ohio May 30, 2017) (quoting *Cheminova A/S v. Griffin L.L.C.*, 182 F. Supp. 2d 68, 80 (D.D.C. 2002)). Second, good cause arises "when a judgment debtor fails to post supersedeas bond after filing an appeal." *Id.* (*citing Spray Drift Task Force v. Burlington Bio-Med. Corp.*, 429 F. Supp. 2d 49, 51 (D.D.C. 2006)). The commentary to Section 1963 further supports the use of these factors: "[A] court should have leeway under this new provision to permit the registration on a lesser showing—a mere showing, for example, that the defendant has substantial property in the other district and insufficient in the rendering district to satisfy the judgment." David D. Siegel, Commentary on 1988 Revision, 28 U.S.C. § 1963. Good cause may also be shown "where there is a showing that the [parties] plan to move property to avoid the judgment." *Dublin Eye Assocs., P.C. v. Mass. Mut. Life Ins. Co.*, No. 5:11-128-DCR, 2015 WL 2152909, at *2 (E.D. Ky. May 7, 2015) (citing Siegel, Commentary on 1988 Revision, 28 U.S.C. § 1963).

### III.   LAW & ANALYSIS

Before issuing an order permitting registration of a judgment during the pendency of an appeal, a court must be satisfied that good cause exists to do so. The requisite showing for good cause under 28 U.S.C. § 1963 is "minimal," but some evidence should be offered by the creditor to support each element. *See Pharmacy Corp. of Am. v. Concord Healthcare Grp., LLC*, No. 3:17-CV-00037, 2017 WL 10832155, at *1 (W.D. Ky. Oct. 5, 2017) (citing *Kowalski v. Mommy Gina Tuna Res.*, Nos. CIV. 05-00679-BMK, 05-00787-BMK & 06-00182-BMK, 2009 WL 1322367, at *1 (D. Haw. May 8, 2009)). Once the creditor has met this minimal burden, a failure by the debtor "to affirmatively dispute *either* (1) the absence of sufficient assets in the judgment district, *or* (2) substantial property in other districts is sufficient to support a finding of good cause." *Id.* (emphasis added) (quoting *Kowalski*, 2009 WL 1322367, at *1). Here, Plaintiff does not address the typical

3

"good cause" factors regarding the location of assets. *See Rui He*, 2017 WL 2332188, at *1 (explaining that good cause can be established by the absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum). Only in a reply brief does the Plaintiff make a passing mention to "Doukas' previously-admitted lack of assets in Ohio." (ECF No. 41 at 4).

Rather, the Plaintiff argues that good cause exists because of a pattern of fraudulent actions, as addressed previously by this Court, the Bankruptcy Court, and the Sixth Circuit. (ECF No. 37 at 2). Mr. Bavelis asserts that, absent leave to begin immediate collection activities in other jurisdictions, he will face a substantial threat of non-recovery because of fraudulent shielding of assets by the Defendant. (ECF No. 37 at 3). He also asserts that he believes Mr. Doukas may maintain collectible assets in other jurisdictions. (*Id.*). Mr. Bavelis argues that Mr. Doukas's past fraudulent transfers and activities constitute good cause that his recovery of the judgment here could be jeopardized absent an order permitting registration of the judgment. In support of this reasoning for good cause, Mr. Bavelis directs this Court to *Parnes*, 2009 WL 2044263 (E.D. Mich. July 9, 2009) and *Dublin Eye Associates*, 2015 WL 2152909 (E.D. Ky. May 7, 2015), in which courts relied on the Commentary to the 1988 Revision of 28 U.S.C. § 1963 to find that plans to remove property in another district to avoid judgment may constitute good cause.

The Defendants challenge his filing as failing to demonstrate sufficient good cause because of a lack of proof submitted. (ECF No. 39 at 3). The Defendants argue that Mr. Bavelis has failed to show "any proof" of prior transfers or imminent transfers. (*Id.*). The Defendants' response focuses primarily on Mr. Bavelis's lack of proof, but does not go so far as to dispute affirmatively the substance of Mr. Bavelis's assertions: namely, that Mr. Doukas has engaged in fraudulent transfers in the past. The Plaintiff asserts that the previous decisions, of which this Court either

issued or can take judicial notice of, are sufficient proof of Mr. Doukas's extensive fraudulent scheme "designed to deprive Mr. Bavelis of virtually all of his assets." (ECF No. 41 at 1 (quoting *In re Bavelis*, 490 B.R. 258, 265 (Bankr. S.D. Ohio 2013)).

Plaintiff draws this Court's attention to repeated instances of Mr. Doukas defying court orders related to assets or otherwise concealing assets from courts. Mr. Doukas has been held in contempt of court for defying an injunction that prohibited him from transferring assets. *In re Bavelis*, 519 B.R. 707, 719 (Bankr. S.D. Ohio 2014). The Bankruptcy Court later sanctioned Mr. Doukas and his counsel for "engag[ing] in a two-year long pattern of deception designed to conceal the assignment from Bavelis and the Court." *In re Bavelis*, 563 B.R. 672, 674 (Bankr. S.D. Ohio 2017). The Sixth Circuit affirmed a sanctions award based on this misconduct. *In re Bavelis*, 743 F. App'x 670 (6th Cir. 2018).

The Plaintiff also directs this Court to take judicial notice of ongoing proceedings in Tennessee and Florida between the parties, wherein Mr. Bavelis is attempting to enforce or collect on other judgments. In the Tennessee Chancery Court, a judge issued a preliminary injunction prohibiting Mr. Doukas from further transfers of assets at issue. (ECF No. 41-2, Tr. 98:24–99:7). Ruling from the bench, the judge noted that Mr. Doukas had engaged in recent efforts to remove equity from the property at issue by using money to pay off loans for entities not part of the underlying lawsuits, such that the money at issue could disappear. (*Id.* 96:23–97:9). The judge characterized Mr. Doukas's actions as "suspicious" before entering the injunction. (*Id.* 98:7–17). In the U.S. District Court for the Southern District of Florida, a judge found that discovery was necessary to determine whether Mr. Doukas had transferred assets subject to execution of judgment to his spouse or entities wholly owned by her, especially when coupled with the fact that

Mr. Doukas lacks a personal bank account and has admitted to holding interests in multiple companies. (ECF No. 41-4 at 4–6).

This pattern of fraudulent conduct by the Defendant in the proceedings before the Bankruptcy Court, coupled with his ongoing conduct in Tennessee and Florida, constitutes good cause to allow registration of the judgment in this case while the appeal is pending. Courts have found that the good cause provision "prevents debtors from utilizing the delay in execution of the judgment to remove property from another district, thus frustrating potential enforcement." *See Spray Drift*, 429 F. Supp. 2d at 51 (citing *Associated Bus. Tel. Corp. v. Greater Cap. Corp.*, 128 F.R.D. 63, 65–66 (D.N.J. 1989) and Siegel, Commentary on 1988 Revision, 28 U.S.C. § 1963). Mr. Bavelis likely faces a long road ahead of him in terms of enforcement, as evidenced by the ongoing actions in other jurisdictions. Indeed, he may still be in enforcement proceedings to execute this judgment when the Sixth Circuit issues its ruling. Given Mr. Doukas's track record, this Court believes immediate registration is necessary to provide Mr. Bavelis any hope at recovery of this judgment. Furthermore, Mr. Doukas failed to seek a stay of judgment pending appeal or post a supersedeas bond. *See, e.g.*, *Parnes*, 2009 WL 2044263, at *2 (allowing registration after a showing of good cause where debtor had not filed a supersedeas bond to stay enforcement of the judgment pending appeal); *Rui He*, 2017 WL 2332188, at *1 ("good cause arises when a judgment debtor fails to post supersedeas bond after filing an appeal"). As such, Plaintiff will be permitted to register his judgment prior to the completion of Defendants' appeal.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion (ECF No. 37) is **GRANTED**. Plaintiff is permitted to register the Clerk's Judgment (ECF No. 31) with the U.S. District Court for the Eastern District of Tennessee and the U.S. District Court for the Southern District of Florida.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: August 10, 2021**